1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAKITA AKIL, | Case No.: 3:25-cv-05048-TMC |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT |
| FREEDOM MORTGAGE CORPORATION | JURY DEMAND |
| Defendant | |

COMES NOW Plaintiff, Nakita Akil, through her attorneys Sam Leonard, Zach Burr, and Kristi Wood, and complains as follows:

## I.    STATEMENT OF THE CASE

Defendant Freedom Mortgage Corporation ("FMC") serviced the mortgage on a home owned by Plaintiff Nakita Aklil during the period of her divorce. During the divorce, FMC prevented Ms. Akil from accessing information related to her mortgage, despite Ms. Akil being awarded possession of the home during the divorce and being listed as an owner on the Deed of Trust. FMC's refusal to provide this information caused Ms. Akil to be unable to comply with a court order to refinance the property and split the equity with her ex-husband. Unable to refinance, Ms. Akil was forced to sell her home to pay her ex-husband the required amount. Ms. Akil was forced to quickly sell her home for substantially less than market value and has lost out on the financial benefits of home ownership, including the appreciation in home value. Because

AMENDED COMPLAINT - 1
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

she lost the home, Ms. Akil suffered significant emotional distress and sought counseling. Ms. Akil also incurred expenses caused by to the forced to move. FMC's actions violated the Consumer Protection Act, RCW 19.86 *et seq*. ("CPA") and harmed Ms. Akil financially.

## II.     PARTIES

2.1     Plaintiff Nakita Akil is a natural person residing in Pierce County, Washington.

2.2     Defendant FMC is a Foreign Profit Corporation under UBI number 601 887 012, with a registered agent and mailing address at 951 W Yamato Rd., Suite175, Boca Raton, Florida, 33431-4444.

## III.     JURISDICTION AND VENUE

3.1     Jurisdiction and Venue in Pierce County Superior Court are appropriate because the acts at issue and described herein (or some part thereof) occurred in Pierce County, Washington, the injury to Plaintiff or some part thereof occurred in Pierce County, Washington, the Defendant has engaged in substantial business contacts in Pierce County, Washington, and Plaintiff prays for injunctive relief pursuant to RCW 19.86.090.

3.2     Defendant is liable to Nakita Akil pursuant to the provisions of the CPA, RCW 19.86 *et seq*., as well as other applicable state and federal laws.

## IV.    STATEMENT OF FACTS

4.1     Nakita Akil purchased a home in September of 2021, at 11822 Interlaken Drive SW, Lakewood, WA 98498 (Tax Parcel 0219106026) with her ex-spouse, Mazi Akil.

4.2     On March 23, 2022, Ms. Akil's divorce from Mr. Akil was finalized.

4.3     The divorce decree ("the decree") awarded the marital home to Ms. Akil.

4.4     Mr. Akil relinquished his interest in the property by completing a quit claim deed as required in the decree.

AMENDED COMPLAINT - 2
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

4.5     The decree ordered Ms. Akil to refinance the loan into her name within seven

months and pay Mr. Akil $75,000 from the proceeds. The decree states:

> The family home shall be awarded to Respondent as separate property and
> refinanced into her name solely within six (6) months of the entrance of the final
> order. Respondent shall keep any and all indebtedness associated with the family
> home. Respondent shall pay the petitioner $75,000 from the refinance. If
> Respondent has not paid Petitioner the $75,000 within seven (7) months of the
> entrance of the final order, Petitioner may convert this award into a money
> judgment. Petitioner shall sign any documents necessary to refinance the house
> within seven (7) days of receipt of said document.

4.6     Ms. Akil attempted to obtain the information needed to refinance from FMC

multiple times between April and September of 2022.

4.7     Ms. Akil contacted FMC on or about April 7, 2022, regarding refinancing the loan

to remove her ex-husband and explained that she is going through a divorce.

4.8     At FMC's instruction, Ms. Akil mailed copies of the divorce decree and quit

claim deed to FMC and waited for a response.

4.9     Ms. Akil again contacted FMC in May of 2022 to follow up on her request. FMC

told her that she was no longer an authorized party on the account and that her ex-husband had

established a new account password. FMC's removal of Ms. Akil from the account and refusal to

let her access the account prevented Ms. Akil from being able to gather the information

necessary, such as a payoff quote, to refinancing the home.

4.10    On June 6, 2022, Ms. Akil spoke with another FMC employee and was told that

FMC could not provide information because her husband had password protected the account;

Ms. Akil explained she needed to refinance pursuant to a court order.

4.11    On June 28, 2022, Ms. Akil called FMC and was told they could not discuss the

account status with her.

AMENDED COMPLAINT - 3
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

4.12    On August 11, 2022, Ms. Akil's attorney called on her behalf to attempt to obtain information regarding refinancing and the information was not provided.

4.13    On September 30, 2022, Ms. Akil called to attempt to make a payment.

4.14    During these communications, Ms. Akil was told that she could not access the account because she did not sign the mortgage loan document, and she was no longer on the account.

4.15    Ms. Akil had signed the Deed of Trust.

4.16    The Deed of Trust defines "Borrower" as, "Mazi L. Akil and Nakita S. Akil, HUSBAND AND WIFE."

4.17    The Deed incorporates the Note, and defines the Note as, "the promissory note signed by Borrower and dated September 10, 2021." The note states that "Borrower" owes Lender $543,945.

4.18    Ms. Akil was defined as a Borrower on the loan held by FMC based on the definition within the Deed and Note.

4.19    Because FMC denied Ms. Akil's requests to access information about the loan or allow her to refinance, she began to receive notices of a pending foreclosure in October of 2022.

4.20    Ms. Akil attempted to contact other lenders to refinance the home, but she was unable to refinance because FMC would not provide her access to the account.

4.21    In November 2022, Mr. Akil successfully petitioned the court to force the sale of the home.

4.22    In December of 2022, the home was placed on the market per court order.

4.23    The home was sold at substantially less than market value.

AMENDED COMPLAINT - 4
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

4.24     Following the sale, Ms. Akil filed a complaint with the State of Washington Department of Financial Institutions ("DFI") Division of Consumer Services. DFI found that FMC likely violated the Consumer Loan Act ("CLA") when it failed to provide Ms. Akil the information that she needed to refinance the mortgage, and when FMC failed to notify Ms. Akil that she had been removed as an authorized party until she called back asking for an update.

4.25     As a result of FMC's actions, Ms. Akil was forced to sell the home for less than its fair market value, lost the future equity in her home and incurred additional expenses associated with relocating. She also incurred the expense of having the situation investigated by an attorney.

## V.   FIRST CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICES
### VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
(RCW 19.86 *et seq.*)

5.1     Ms. Akil realleges and incorporates herein the above allegations.

5.2     Washington's Legislature has declared unfair or deceptive practices that occur in trade or commerce that affect the public interest and cause injury to a person's business or property to be illegal under the CPA. RCW 19.86.020; *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986).

5.3     A private plaintiff who is injured in their business or property can bring a CPA claim to recover damages, obtain an injunction or both. RCW 19.86.090.

5.4     To prevail on a claim under the CPA, a private plaintiff must prove (1) the defendant engaged in an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest and (4) proximately caused (5) injury to the business or property of the plaintiff.

AMENDED COMPLAINT - 5
(CS. NO. 3:25-CV-05048-TMC)

5.5     FMC is a "person" within the meaning of the CPA. RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the CPA. RCW 19.86.010(2).

5.6     Ms. Akil is a "person" within the meaning of the CPA. RCW 19.86.010(1).

5.7     FMC's acts described herein are unfair or deceptive.

5.8     FMC's unfair acts or practices occurred in trade or commerce and were and are capable of injuring a substantial portion of the public.

5.9     On information and belief, FMC is a servicer of thousands of mortgages. As such, its business practices alleged herein have or had the capacity to injure other persons. RCW 19.86.093(3).

5.10    As a direct and proximate result of FMC's unfair acts and practices, Ms. Akil was injured in her business or property and incurred expenses including: lost equity in the home that would have been realized had she not been forced to sell; investigation costs incurred to understand her rights relative to the mortgage and information regarding the home; fees and interest incurred because she was unable to make timely payments on the home, which she paid upon the sale of the home; damage to her credit rating; moving costs and rental costs that would not have otherwise been incurred; and, other unquantifiable damages due to the loss of the home and her reputation.

5.11    Ms. Akil has been injured and is entitled to recover compensatory, special and general damages as allowed by law. Ms. Akil is also entitled to treble damages, attorneys' fees and costs. RCW 19.86.090.

## VI.   SECOND CLAIM FOR RELIEF

VIOLATION OF THE CONSUMER LOAN ACT
A *PER SE* VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
(RCW 19.86 *et seq.*)

AMENDED COMPLAINT - 6
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

6.1    The CLA regulates the conduct of "residential mortgage loan servicers" directed toward borrowers. RCW 31.04.290

6.2    FMC collects and receives payments on existing residential mortgage loans that are primarily for personal, family, or household use and are secured by a deed of trust. FMC is therefore a residential mortgage loan servicer under the CLA. RCW 31.04.15(24), (29).

6.3    Ms. Akil consulted with FMC to obtain information necessary to obtain a loan and is therefore a "borrower" under the CLA. RCW 31.04.15(4).

6.4    The first three elements of a CPA claim may be established *per se* through a showing that a residential mortgage loan servicer violated the CLA. RCW 31.04.208

6.5    FMC violated the CLA when it failed to provide Ms. Akil information that she needed to refinance the mortgage prior to her ex-husband removing her from the account, and not notifying her that she had been removed as an authorized party until she called back asking for an update.

6.6    FMC's violations of the CLA are *per se* violations of the CPA that caused Ms. Akil injury in her property in the form of expenses related to the sale of her property and lost equity and appreciation in the value of her home.

## VII.  THIRD CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

7.1    Ms. Akil realleges and incorporates herein the above allegations.

7.2    To recover for negligent infliction of emotion distress, a plaintiff must establish that there was a duty, breach of the standard of care, proximate cause, damage, and prove the additional requirement of objective symptomatology.

7.3    As a Mortgage Servicer, FMC has statutory duties to all persons and borrowers

AMENDED COMPLAINT - 7
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

under the CLA. *See* RCW 31.04.027, .290.

7.4     While the CLA can be enforced through the CPA, remedies provided under the CPA for a servicer's beach of its statutory duties are not exclusive. RCW 31.04.208.

7.5     FMC serviced the mortgage on the home owned by Ms. Akil. This relationship created a professional duty of care toward Ms. Akil under the CLA.

7.6     The duty FMC owed Ms. Akil resulting from her status as a borrower under the CLA exists independent of any contract.

7.7     By withholding the information necessary for Ms. Akil to refinance her home, FMC breached the duties it owed to Ms. Akil under state law.

7.8     FMC's breach of its duties to provide Ms. Akil information regarding the home loan forced Ms. Akil and her family to move and sell the family home at a substantial loss.

7.9     The loss of her family's home caused Ms. Akil emotional distress.

7.10    Ms. Akil sought professional help for the emotional distress FMC's actions caused her and was diagnosed with anxiety based on objective symptomology.

7.11    Ms. Akil's symptoms of anxiety included an elevated heartrate, sweating, persistent worry, and spontaneous episodes of crying.

7.12    Emotional distress and anxiety are within the scope of foreseeable harm that can result from losing a family home.

7.13    Ms. Akil's emotional distress is reasonable under the circumstances present here.

RESERVATION OF RIGHT TO AMEND COMPLAINT TO INCLUDE CLASS CLAIMS

Ms. Akil reserves the right to amend her Complaint to include class action claims.

VIII.  PRAYER FOR RELIEF

WHEREFORE, Ms. Akil prays for a judgment against all defendants as follows:

AMENDED COMPLAINT - 8
(CS. NO. 3:25-CV-05048-TMC)

LEONARD LAW, PLLC
9030 35th Ave SW, Ste 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

a.      Actual damages in an amount to be fully proven at trial;

b.      Treble damages under the WCPA RCW 19.86.090;

c.      An injunction enjoining Defendants' illegal practices;

d.      For such other relief as may be just and equitable.

e.      Attorneys' fees and costs

DATED this 25th day of April, 2025

LEONARD LAW, PLLC

By: /s/ Sam Leonard
   Sam Leonard, WSBA #46498
   9030 35th Ave SW, Suite 100
   Seattle, WA 98126
   Ph: 206-486-1176
   Fx. 206-458-6028
   Email: sam@seattledebtdefense.com

   Zach Burr, WSBA #37556
   Email: zach@burrwoodlaw.com
   Kristi Wood, WSBA #40645
   Email: kristi@burrwoodlaw.com
   BURRWOOD LAW GROUP, PLLC
   6716 Eastside Drive NE, Ste 1-436
   Tacoma, WA 98422
   Ph: (253) 374-9555
   Ph: (310) 621-1687

   *Attorneys for Plaintiff Nakita Akil*

AMENDED COMPLAINT - 9
(CS. NO. 3:25-CV-05048-TMC)